**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**LARRY CLEMENT,**

        **Petitioner,**

**v.**                                          **Case No.: 2:15-cv-02320**

**DAVID BALLARD, Warden,
Mount Olive Correctional Complex**

        **Respondent.**

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

Pending before the Court are Petitioner Larry Clement's ("Clement") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2), and Respondent's Motion to Dismiss, or in the Alternative, Motion for Stay and Abeyance, (ECF No. 10). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The undersigned notes that the record before the Court is well-developed and provides a sufficient basis upon which to resolve this matter without need for an evidentiary hearing. *See* Rule 8, Rules Governing Section 2254 Cases. Having thoroughly reviewed and considered the record, the undersigned **FINDS** that Clement has failed to exhaust his state court remedies as to some of his claims, and thus, he has prematurely filed his petition for a writ of habeas corpus in this Court.

Nevertheless, the undersigned **RECOMMENDS** that the District Judge **FIND** that Clement is entitled to a stay while he exhausts his state court remedies for his unexhausted claims. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, or in the Alternative, Motion for Stay and Abeyance, to the extent that it requests stay and abeyance; **DENY** Clement's request for habeas relief, without prejudice; **GRANT** Clement a **STAY** so that he may pursue his state court remedies; and hold Clement's habeas petition in **ABEYANCE** pending exhaustion of his state court remedies. In light of the timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, the undersigned further **RECOMMENDS** that the District Judge condition the stay on Clement pursuing his state court remedies within **thirty days** of the date that the order to stay is entered and require Clement to return to federal court **thirty days** after he has exhausted his state court remedies.

I.    <u>**Procedural History**</u>

   **A. Indictment, Trial, and Direct Appeal**

   In May 2007, Clement was indicted by a Fayette County grand jury for thirty-two counts of first-degree sexual abuse, sixteen counts of first-degree sexual assault, thirty-two counts of sexual abuse by a parent, guardian, or custodian, and sixteen counts of second-degree sexual assault. (ECF No. 9-1 at 3). The indictment alleged that Clement had sexually abused two minors, A.S.H. and A.C.H., over a period of sixteen months. (*Id.* at 4). The alleged victims were the granddaughters of the woman with whom Clement cohabitated for "many years." (ECF No. 9-2 at 52). On January 29, 2008, after a two-day jury trial, Clement was found guilty of all ninety-

six counts charged in the indictment. (ECF No. 9-1 at 6). On March 24, 2008, the trial court entered an order sentencing Clement to an aggregate term of 51 to 175 years' imprisonment. (*Id.* at 8). On April 1, 2008, Clement filed a notice of intent to appeal in the trial court. (*Id.* at 9). Clement then received an extension of time to perfect his appeal from both the trial court and the Supreme Court of Appeals of West Virginia ("WVSCA"). (*Id.* at 9-10). In February 2009, Clement was resentenced for the purpose of allowing him additional time to file a direct appeal in the WVSCA. (*Id.* at 10).

Clement perfected his appeal to the WVSCA on June 18, 2009. (*Id.*) In his petition for appeal, Clement, through counsel, raised five assignments of error:

1. The Trial Court, over objection, did not allow into evidence, exculpatory evidence in the form of audio and video recordings initially conducted by the West Virginia Department of Health and Humans Resources' in-take worker. Further because of this exclusion, the jury was not allowed to see and/or hear this crucial piece of evidence, thus, denying [Clement] a fair trial and resulting in a verdict based upon partial facts;

2. The Trial Court, over objection, did not allow into evidence, exculpatory evidence in the form of audio and video recordings initially conducted by the West Virginia Department of Health and Human Resources' intake worker. This evidence was to be offered for impeachment purposes to demonstrate inconsistencies in the two alleged victims [*sic*] trial testimony and to make obvious the deficiencies in the interview process, therefore, denying [Clement] a fair trial;

3. That two (2) excused jurors engaged in misconduct which denied [Clement] a fair trial; that [*sic*] were questioned in chambers by the Judge, the State and [Clement] during voir dire as to whether, "... they or a member of their family had been a victim of sexual abuse or assault," [*sic*] were observed by the entire jury pool as they exisited [*sic*] the courtroom, expressing outward emotion in the form of "crying." This observance of outward emotion by the jury pool of potential jurors tainted the potential jury pool and in turn prejudiced the jurors that make the final selection, thus denying [Clement] a fair trial from the commencement of these peceedings [*sic*];

4. That the conduct of the Prosecutor [*sic*] Attorney during closing arguments was inflammatory and denied [Clement] a fair trial;

5. That the verdict of the jury is against the weight and sufficiency of the evidence[.]"

(ECF No. 9-1 at 10-11) ([*sic*] in original). On September 9, 2009, the WVSCA refused Clement's petition for appeal. (*Id.* at 11).

### B. State Habeas Proceedings

On March 9, 2010, Clement filed a *pro se* state habeas petition in the Circuit Court for Fayette County, West Virginia, alleging eleven grounds for relief. (*Id.* at 11-14). On March 15, 2010, the circuit court appointed counsel to represent Clement throughout his state habeas proceedings. (*Id.*) In August 2011, Clement's counsel, D. Adrian Hoosier, II, filed a *Losh* checklist with the circuit court.[1] (*Id.* at 15). In February 2012, Clement's counsel filed an amended petition for state habeas relief, raising the same grounds for relief that were contained in Clement's *pro se* petition. (ECF No. 9-1 at 16). The following month, Clement's counsel filed a supplemental amended petition, which elaborated on the grounds raised in the amended petition. (*Id.*) On November 15, 2012, Clement's habeas counsel submitted an amended *Losh* checklist, and the circuit court conducted an omnibus evidentiary hearing at which Clement's trial counsel, Charles B. Mullins, II, testified.[2] (*Id.* at 20-21, 24). A second evidentiary hearing was held on June 24, 2013, but Clement's habeas counsel presented no additional witness testimony. (*Id.* at 25). Mr. Hoosier then submitted

---

[1] A *Losh* checklist is a list of all alleged trial errors that is filed by a petitioner in a state habeas proceeding. *See Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981).

[2] Mr. Mullins was disbarred on October 17, 2011. (ECF No. 9-2 at 52 n.2).

to the circuit court "Proposed Findings of Fact and Conclusions of Law" and
"Supplemental Proposed Findings of Facts and Conclusions of Law." (*Id.* at 26). In
the former, eight grounds for relief were listed:

> 1. The Court [e]rred by not dismissing the thirty-two (32) counts of Sexual Abuse by a Parent, Guardian or Custodian due to the fact that the mother of the alleged victims testified [Clement] was not a parent, guardian or custodian.

> 2. The Court [e]rred by not allowing any of the vital evidence of VHS tapes, [d]igital [a]udio recordings, CDs, or transcribed transcripts into trial.

> 3. The Court [e]rred by in its discretion [*sic*] to permit the seating of a possible biased and prejudiced juror when said juror was related to an arm of law enforcement and such relationship could be presumed prejudice under the Rules of Criminal Procedure and the Sixth and Fourteenth Amendments resulting in denial of a fair and impartial jury.

> 4. The rights of [Clement] were violated by the State of West Virginia in that two (2) excused jurors that were questioned in chambers by the Judge, the State and [Clement] during voir dire as to whether, "[t]hey or a member of their family had been a victim of sexual abuse or assault," were observed by the entire jury pool as they existed [*sic*] the courtroom, expressing outward emotion in the form of "crying." This observance of outward emotion by the jury pool of potential jurors tainted the potential jury pool and in turn prejudiced the jurors that made the final selection, creating undue prejudice against [Clement], therefore denying [Clement] a fair trial, even before the commencement of the proceedings.

> 5. Prosecutorial [m]isconduct.

> 6. The State did not prove beyond a reasonable doubt the allegations proffered by A.C.H.

> 7. Ineffective [a]ssistance of [c]ounsel.

> 8. Cumulative [e]rror [d]octrine.

(*Id.* at 26-27) ([*sic*] in original). In the "Supplemental Proposed Findings of Facts
and Conclusions of Law," Clement listed over thirty grounds for relief. (*Id.* at 27-

32).[3]  On July 18, 2013, Clement and the prosecutor filed a stipulation agreeing that Clement's sentence should be modified for certain counts of first-degree sexual assault because the penalty for that offense was lower at the time Clement committed the offenses than when he was sentenced for the offenses, and the trial court had sentenced Clement using the higher statutory penalty range. (*Id.* at 32, 100-01). On September 27, 2013, the circuit court filed a 110-page opinion and order denying state habeas relief, except that the circuit court modified Clement's sentence on thirteen counts of first-degree sexual assault in accordance with the parties' stipulation. (*Id.* at 109-10).

On November 25, 2013, Clement, through Mr. Hoosier, appealed the circuit court's denial of habeas relief to the WVSCA. (*Id.* at 113). In his brief, Clement raised four assignments of error: (1) "the habeas court erred in failing to find that Mr. Mullins was ineffective as [Clement's] trial counsel because he failed to retain an expert to rebut the testimony of [Clement's] alleged acts"; (2) "the habeas court erred in finding that Mr. Mullins was not ineffective where he failed to challenge the jury's finding that [Clement] had served as the children's custodian"; (3) "the habeas court erred in finding that Mr. Mullins was not ineffective where Mr. Mullins failed to object to the trial court's denial of [Clement's] motion to admit the recordings of the child victims' January 8, 2007, forensic interviews or the transcripts of those recordings into evidence at [Clement's] trial"; and (4) "Mr. Mullins [a] failed to

---

[3] The circuit court opined that the first findings and conclusions were drafted by Clement's attorney and the second were drafted by Clement, even though Clement's attorney had signed it. (ECF No. 9-1 at 26 n.25). Clement maintains that his habeas counsel drafted the supplemental proposed findings after receiving the proposed findings from Clement, which were drafted by a "legal aide" in prison. (ECF No. 11 at 5 n.3).

object to the State's contention that digital penetration of a vagina would not leave any physical damage despite the fact that the State laid no foundation for this contention; [b] failed to object to jury instructions; [c] failed to offer instructions of lesser included offenses; [d] failed to object to inflammatory statements made by the prosecution during closing argument; [e] failed to call impeachment witnesses; [f] failed to subpoena 'the victim's' medical records; [g] failed to call school personnel to discredit 'the victim'; [h] failed to properly prepare a witness who testified regarding [Clement's] prior bad acts; and [i] failed to request cautionary instructions." (*Id.* at 55-57). On November 3, 2014, the WVSCA issued a memorandum decision affirming the circuit court's denial of habeas relief. (*Id.* at 58); *Clement v. Ballard*, No. 13-1173, 2014 WL 5545717. In its opinion, the WVSCA denied Clement's first three assignments of error on the merits and declined to address the fourth assignment of error because Clement's brief on the issue contained "no citations to the appendix record showing when or how any of th[e] alleged errors occurred at trial," and no legal argument, contrary to West Virginia Rule of Appellate Procedure 10(c)(7).[4] (ECF No. 9-2 at 55-58); *Clement*, 2014 WL 5545717, at *3-*6. On December 1, 2014, Clement filed a petition for rehearing, which was denied by the WVSCA on January 8, 2015.[5]

### C. Federal Habeas Proceeding

On February 27, 2015, Clement filed his § 2254 petition in this Court. (ECF

---

[4] West Virginia Rule of Appellate Procedure 10(c)(7) provides that an appellate brief "must contain an argument exhibiting clearly the points of fact and law presented, .... The argument must contain appropriate and specific citations to the record on appeal .... The Court may disregard errors that are not adequately supported by specific references to the record on appeal."

[5] The undersigned's office obtained this information by contacting the WVSCA Clerk's Office.

No. 2). In his petition, Clement raises eight grounds for relief:

1. The Trial Court, over objection, did not allow into evidence, exculpatory evidence in the form of audio and video recordings initially conducted by the West Virginia Dept. of Health and Human Resources' in-take worker. Further, because of this exclusion, the jury was not allowed to see and/or hear this crucial piece of evidence, thus, denying [Clement] a fair trial and resulting in a verdict based upon partial facts: This evidence was to be offered for impeachment purposes to demonstrate inconsistencies in the two alleged victims trial testimony and to make obvious the deficiencies in the interview process, therefore, denying [Clement] a fair trial.

2. That two (2) excused jurors engaged in misconduct which denied [Clement] a fair trial. They were questioned in chambers by the Judge, the States, and [Clement] during voir dire as to whether "(they) or a member of their family had been a victim of sexual abuse or assault?" They were observed by the entire jury pool as they exited the courtroom, expressing outward emotion in the form of "crying." This observance of outward emotion by the jury pool of potential jurors tainted the potential jury pool and in turn prejudiced the jurors that make the final selection, thus, denying [Clement] a fair trial from the commencement of these proceedings.

3. Prosecutor Misconduct: Conduct of the PA [Prosecuting Attorney] was inflammatory; PA's comments were false and misleading; withholding evidence beneficial to [Clement].

4. The verdict of the jury is against the weight and sufficiency of the evidence.

5. [Clement's] constitutional rights to due process to the Sixth and Fourteenth Amendments to present an effective defense were violated by the court not permitting the video and audio tape of the alleged victims into evidence to be viewed by the jury when the court used WV Rules of Evidence mechanistically without evaluating whether the interest served by the rule justified the total limitation imposed on [Clement's] constitutional right to present an effective defense.

6. Jury instructions were flawed, incomplete, misleading, and confusing thus violating [Clement's] constitutional rights of due process of the Fourteenth Amendment.

7. Ineffective assistance of counsel violating [Clement's] constitutional right to effective assistance of counsel:

   a. Not objecting to prosecution statements misleading and

8

inflammatory statements to the jury.

b. Failing to retain medical experts to rebut prosecutions claims.

c. Failure to investigate.

d. Failing to object and request [Clement's] case be analyzed based upon the long standing United States Supreme Court *Rock v. Arkansas* principles.

e. Failing to enter a specific objection to the instruction regarding the offense of sexual abuse by parent, guardian, or custodian.

f. Failing to object to trial court's incomplete instruction regarding the essential element of forceful compulsion. Without the completeness of this instruction, the jury had no way of determining whether the prosecution proved its case.

g. Failing to object to the court's violation of *ex post facto* principle in violation of [Clement's] constitutional rights.

h. Failing to enter an objection to the unconstitutional violation of the statute of sexual assault.

i. Failing to call witnesses who would have impeached the alleged victim's sexual accusation.

j. Failing to subject the prosecution's case to meaningful adversarial testing process. As the prosecution stated in closing arguments that: "Clement presented no evidence to contradict the victim's testimony."

k. Failing to hire an independent forensic expert to discredit the prosecutions statement that because [Clement] allegedly inserted his finger in the victim's vagina.

l. Failing to subpoena the alleged victim's medical records and/or genital examination.

m. Failing to investigate the alleged victim's school records.

n. Failing to call witness which was a longtime friend of the family of the alleged victims.

o. Failing to request cautionary instructions regarding other

9

bad acts alleged by testimony.

p. Failing to object and request a cautionary instruction regarding the prosecutions inflammatory statements.

q. Failure to communicate plea offer.

8. Actual innocence.

(ECF No. 2 at 6-16) ([*sic*] throughout). In his § 2254 petition, Clement acknowledges that he did not raise grounds 5, 6, and 8 in an appeal to the WVSCA. (*Id.* at 11-14, 16-17). He explains that he asked his habeas counsel to raise grounds 5 and 6 during his state habeas appeal to the WVSCA, but counsel failed to do so. (*Id.* at 12, 14).

On March 23, 2015, the undersigned issued an order directing Respondent to answer Clement's petition within sixty days. (ECF No. 5). On May 13, 2015, Respondent filed an answer, (ECF No. 9), and a motion to dismiss the petition, or in the alternative, to stay proceedings and hold the petition in abeyance until Clement has exhausted his state court remedies, (ECF No. 10). In both his answer and motion to dismiss, Respondent asserts that Clement has failed to exhaust his state court remedies for grounds 1, 2, 3, 4, 5, 6, and 8, along with subsections c, d, g, h, and p of ground 7. (ECF No. 9 at 2; ECF No. 10 at 16). Because Clement's petition is a "mixed petition" containing both exhausted and unexhausted claims, Respondent requests that the Court dismiss the petition, without prejudice, or allow Clement to proceed only on those claims that have been properly exhausted. (ECF No. 10 at 1-2, 16). Respondent argues that Clement has not demonstrated that good cause exists for his failure to exhaust. (*Id.*) Moreover, Respondent insists that Clement is not facing a time-bar hardship because, at of the time of Respondent's answer, 190 days remained in Clement's one-year statute of limitations balance

under the AEDPA. (*Id.*) In the alternative, Respondent asserts that he "is willing to concede the first requirement" of the stay analysis should the Court "deem it to be necessary in the proper interest of justice to allow [Clement] the time necessary to pursue total exhaustion of his claims in [s]tate court." (*Id.* at 17).

On July 17, 2015, Clement filed an Objection to Respondent's Motion to Dismiss and Request to Grant Respondent's Motion for Stay and Abeyance. (ECF No. 11). In that filing, Clement avers that Respondent's motion to dismiss is "insufficient" in light of the undersigned's order directing Respondent to file an *answer* and that motions to dismiss are "not compatible with habeas corpus procedures." (*Id.* at 8). Moreover, Clement contends that the undersigned already reviewed the facial sufficiency of his § 2254 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[6] and must have concluded that the petition was facially adequate because Respondent was commanded to answer the petition. (*Id.* at 9). As such, Clement maintains that Respondent's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is "redundant in that it essentially asks the Court to conduct a pleading examination" that was already performed. (*Id.*) On the issue of stay and abeyance, Clement concedes that his petition contains unexhausted claims. (*Id.* at 12). However, he asserts that dismissal of his petition "would

---

[6] Rule 4 of the Rules Governing Section 2254 Cases states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

ultimately preclude [him] from returning to" federal court because the statute of limitations will have expired while the instant § 2254 petition is pending in this Court, given that the filing of his § 2254 petition did not toll the one-year limitations period. (*Id.* at 7). Moreover, Clement insists that he requested his state habeas counsel raise all of the grounds contained in his § 2254 petition on appeal to the WVSCA, but counsel failed to do so. (*Id.* at 12). Clement claims that he attempted to raise additional grounds in his state habeas appeal by filing a *pro se* reply brief; [7] however, Clement asserts that the WVSCA did not consider his *pro se* brief. (*Id.* at 13). Accordingly, Clement argues that good cause exists for a stay given his state habeas counsel's alleged ineffectiveness. (*Id.* at 13-14). In addition, Clement avers that his unexhausted claims are potentially meritorious and he has been diligent in seeking relief from his conviction and sentence. (*Id.* at 14-17).

## II.   __Standard of Review__

Respondent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), based on Clement's failure to exhaust state remedies for some of the claims contained in his petition. (ECF No. 10). Because Respondent filed an answer concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings

---

[7] Respondent has supplied the Court with a reply brief that was filed in Clement's state habeas appeal. (ECF No. 9-2 at 27-47). Although the brief is signed by Mr. Hoosier, the language used in the brief seems to indicate that Clement had a hand in drafting it. In any event, the only three claims raised in that reply brief were the three claims raised in Clement's initial habeas appeal brief.

under Rule 12(c), and both motions may be filed in § 2254 actions. *Id.* at 138-39.[8]

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a § 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or

---

[8] Clement's challenge to the appropriateness of Respondent's response to the undersigned's March 2015 order is unpersuasive. First, Respondent not only filed a motion to dismiss, he also filed an answer accompanied by some "records that would facilitate determination of the issues." (ECF No. 5 at 1). Second, the Fourth Circuit has approved the use of Rule 12(b)(6) motions in § 2254 cases. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). Third, if the petition is not dismissed, Rule 4 of the Rules Governing Section 2254 Cases explicitly permits the government to file "an answer, *motion*, or other response" as directed by the court. Furthermore, Respondent's motion to dismiss is not "redundant" as a result of the undersigned's order requiring Respondent to answer the petition. Federal courts consistently need more information to thoroughly and justly review § 2254 petitions than is initially supplied by the petitioners, and that information is most easily gathered by the respondents in the cases. Ordering a respondent to answer a petition and supply any necessary documentation is often the most efficient way to review a petition for plausibility. Finally, although Rule 5 of the Rules Governing Section 2254 Cases may be read to require Respondent to address the merits of the petition in addition to any procedural issues, the undersigned finds that allowing the respondent in a § 2254 case to raise a procedural issue is often the best course for purposes of judicial economy —especially when the procedural issue may result in the dismissal or stay of the petition. The merits of the petition can always be addressed later down the habeas path, if necessary. Notwithstanding the conflicting views among federal courts on a piecemeal approach to habeas litigation, this practice has been preferable in dealing with some of the cases that come before the undersigned. *See Ebert v. Clarke*, 320 F. Supp. 2d 902, 907-09 (D. Neb. 2004) (comparing cases where piecemeal approach to habeas litigation was found to be more desirable with cases where courts have held that Rule 5 requires respondent to file answer to merits of petition, in addition to raising any procedural issues, contemporaneously).

pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.*

## III.  <u>Discussion</u>

As a prerequisite to filing a § 2254 proceeding, a habeas petitioner must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires the petitioner to fairly present the federal constitutional issues to the state courts and allow them "one full opportunity" to resolve the issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Given that the purpose of exhaustion is to ensure that the state has "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Picard*, 404 U.S. at 275 (internal quotations omitted), fair presentation demands that the state courts be fully informed of "'both the operative facts and the controlling legal principles.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). While it is unnecessary to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (internal citations omitted). Instead, the petitioner must present the "substance of a federal habeas corpus claim" to the state courts. *Picard*, 404 U.S. at 278.

In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the WVSCA through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus

in the appropriate circuit court followed by an appeal of the judgment to the WVSCA, if the result is adverse; or (3) filing a petition for a writ of habeas corpus under the WVSCA's original jurisdiction and receiving a dismissal with prejudice.[9] *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W.Va. 1995); *Bayerle v. Godwin*, 825 F. Supp. 113, 114-15 (N.D.W.Va. 1993); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W.Va. 1986); *see also Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D.W.Va. Nov. 12, 2013). In general, the district court may not review a federal habeas petition unless there has been "total exhaustion" of the presented issues. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, when a petitioner has failed to exhaust his state court remedies, a federal habeas petition should be dismissed. *See Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In the event that a federal habeas petitioner presents a "mixed petition" consisting of both exhausted and unexhausted claims, the district court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in state court;[10] or (3) allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161

---

[9] However, an original jurisdiction petition that is denied without any indication that the denial was with prejudice, following a determination on the merits, does not exhaust the prisoner's state court remedies. *See Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997).

[10] Stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005); *Wright v. Keller*, No. 3:11-cv-341-RJC, 2011 WL 5827236, at *2 (W.D.N.C. Nov. 18, 2011) (declining to order stay and abeyance); *Abido v. Ballard*, No. 2:08-cv-00341, 2009 WL 772918, at *2 n.2 (S.D.W.Va. Mar. 18, 2009) (same); *Wilson v. Humphey*, No. 5:05-cv-00795, 2006 WL 643154, at *3 (S.D.W.Va. Mar. 10, 2006) (same).

L.Ed.2d 440 (2005). The court may also deny the unexhausted claims on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2); *see also White v. Keller*, No. 1:10-CV-841, 2013 WL 791008, at *5 (M.D.N.C. Mar. 4, 2013).

Having reviewed the records of Clement's state court proceedings and his § 2254 petition, the undersigned **FINDS** that Clement has not exhausted his state court remedies for grounds 5, 6, and 8, as well as part of ground 3 and subsections c, d, e, f, g, h, j, k, m, n, o, p, and q of ground 7.[11] The exhaustion barrier may only be removed when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). These statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

Where a state court would refuse to hear a claim as a result of a petitioner's failure to observe a state procedural rule, the claim is considered to be exhausted because there is "an absence of available State corrective process." *See, e.g., Rose v.*

---

[11] While Respondent maintains that Clement did not exhaust his state court remedies for grounds 1, 2, and 4 of his § 2254 petition, it appears that Respondent has overlooked Clement's direct appeal raising those issues. Furthermore, Clement specifically raised subsections a, i, and l, *along with **broad*** claims similar to subsections e, f, o, and p of ground seven in his state habeas appeal, but the WVSCA found that those issues were inadequately presented. He may wish to re-argue those claims when he returns to state court to avoid a procedural default ruling in this Court. *See Clarke v. Spencer*, 582 F.3d 135, 143-44 (1st Cir. 2009) (holding that, notwithstanding procedural default of claim in trial court, state appellate court's later decision on merits of claim permitted federal court to address merits of claim as well); *Hull v. Kyler*, 190 F.3d 88, 103 n.5 (3d Cir. 1999) (explaining that "procedural default would be lifted if a state court presented with a federal constitutional claim reached the merits of that claim after the procedural default had arisen in a lower court."); *Wensell v. McBride*, No. 3:06-CV-4, 2007 WL 2220603 (N.D.W.Va. July 27, 2007) (applying procedural default doctrine to claims deemed "waived on appeal" by WVSCA as a result of petitioner's "cursory" arguments in appeal brief).

*Lee*, No. 7:07-cv-00003, 2007 WL 2050823, at *3 (W.D. Va. July 12, 2007) (citing *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)); *see also Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) ("State remedies are exhausted when the petitioner does not have the 'right under the law of the State to raise, by any available procedure, the question presented.'") (quoting 28 U.S.C. § 2254(c)); *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004) ("[W]hen the state refuses to consider the merits of the prisoner's claims because the petitioner has failed to comply with the state's procedural requirements, his claim is nonetheless technically exhausted because 'there is an absence of available State corrective process'") (quoting 28 U.S.C. § 2254(b)(1)(B)(i)). However, even though such claims are technically exhausted, the procedural default doctrine applies to those claims in any subsequent federal habeas proceeding. *See Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) ("If claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts."). The procedural default doctrine prevents a court from hearing a claim that has been, or would be, disposed of on "adequate and independent state-law grounds, unless the petitioner can show cause and prejudice for, or a fundamental miscarriage of justice resulting from, failure to comply with the applicable rule." *See Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). The Fourth Circuit has decided that "[i]f any reasonable possibility exists that the state court may apply an exception to its

procedural default rule, the federal court should not apply a state procedural bar to find that exhaustion is futile." *Meadows v. Legursky*, 904 F.2d 903, 909 (4th Cir. 1990), *abrogated on other grounds by Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997); *see also Green v. McBride*, No. 3:02-cv-01348, slip op. at 8 (S.D.W.Va. Feb. 22, 2006) (Docket No. 42).[12]

West Virginia Code § 53-4A-1(c) creates a rebuttable presumption that a state habeas petitioner knowingly and intelligently waives any claim that could have been presented during a state habeas proceeding but that was not presented at that time. Notwithstanding, in *Losh v. McKenzie*, 277 S.E.2d 606, 611 (W. Va. 1981), the WVSCA held that ineffectiveness of state habeas counsel allows a West Virginia state court to reach the merits of a claim contained in a second state habeas petition that could have been, but was not, raised in a first state habeas petition. Clement repeatedly asserts in his § 2254 petition and response brief that his state habeas counsel was ineffective and refused to argue issues on appeal that Clement demanded he raise. (ECF No. 2 at 7, 12, 14; ECF No. 11 at 4, 7, 14). Given Clement's contention that his unexhausted claims are a result of ineffective assistance of state habeas counsel, the undersigned finds that a reasonable possibility exists that the state court may address the unexhausted grounds on the merits. Accordingly, exhaustion need not be excused under § 2254(b)(1)(B), and the procedural default doctrine need not be applied to Clement's claims at this point in the proceedings.

---

[12] A miscarriage of justice may occur where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Because a reasonable possibility exists that the WVSCA may address Clement's unexhausted claims on the merits, without applying a state procedural bar, it seems premature to address whether Clement's actual innocence argument would excuse any procedural default.

Indeed, Clement does not argue the either exception under § 2254(b)(1)(B) applies to his unexhausted claims. On the contrary, Clement wishes to return to state court to exhaust his remedies there.[13]

Having concluded that Clement has presented both exhausted and unexhausted claims in his petition, without establishing any applicable exception to the AEDPA's exhaustion requirement, the undersigned must consider whether stay and abeyance is appropriate in this case. As stated above, stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). "[T]he practice of staying a federal habeas case while a petitioner returns to state court to exhaust his claims should be used sparingly." *Kanode v. Waid*, No. 1:08-1113, 2011 WL 2633645 (S.D.W.Va. July 5, 2011).

In *Rhines*, the Supreme Court provided little guidance as to what constitutes good cause in the context of stay and abeyance. *See Rhines*, 544 U.S. at 279 (Stevens, J., concurring) ("[G]ood cause for failing to exhaust state remedies more promptly ... is not intended to impose the sort of strict and inflexible requirement that would

---

[13] With respect to the claims that the WVSCA found were inadequately briefed on appeal, the WVSCA may be inclined to decide those claims on the merits if they are presented in compliance with the West Virginia Rules of Appellate Procedure. The undersigned is mindful that in *Boothe v. Ballard*, No. 2:14-cv-25165, slip op. at 47 n.18 (S.D.W.Va. Apr. 27, 2015) (Docket No. 21), it was suggested that exhaustion would be futile where the petitioner's "state habeas counsel chose not to raise additional ineffective assistance of counsel claims on appeal to the WVSCA that he raised in the state circuit court." However, Clement's case is different—his habeas counsel attempted to raise issues on appeal to the WVSCA that were addressed by the state circuit court, but habeas counsel failed to adequately brief the issues. Clearly, the failure to adequately brief an issue on appeal cannot be a reasonable strategic choice whereas refraining from raising an issue on appeal can be.

trap the unwary *pro se* prisoner.") (internal markings and citation omitted). Since its decision in *Rhines*, the Supreme Court has offered one example of good cause, albeit in *dicta*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005), the Court stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" before exhausting his state court remedies. Some courts have interpreted *Pace* to require a broad interpretation of the good cause requirement set forth in *Rhines*. *See, e.g.*, *McCrae v. Artus*, No. 10-CV-2988, 2012 WL 3800840, at *8 (E.D.N.Y. Sept. 2, 2012).

The Fourth Circuit and courts in this district have yet to precisely define what constitutes good cause under *Rhines*. The undersigned recently found that a stay was appropriate where a petitioner had only thirty-nine days from the date of the Proposed Findings & Recommendations ("PF & R") to file a state habeas petition, which would toll the AEDPA's statute of limitations, and then return to federal court under the AEDPA's one-year statute of limitations. *Carter v. Ballard*, No. 2:14-cv-11952, 2015 WL 966127, at *12 (S.D.W.Va. Mar. 4, 2015). This time constraint, in conjunction with the petitioner's "confusion regarding the availability of relief in state habeas proceedings, [and] his claims of ineffective assistance of [state appellate] counsel," amounted to good cause in the stay analysis. *Id.* Similarly, in *Elswick v. Plumley*, the undersigned found that a stay was warranted where the petitioner alleged his state habeas counsel was ineffective, he lacked any legal knowledge, and he would "have no future opportunity to return to federal court" if the petition were dismissed. No. 2:14-cv-29300, slip op. at 21-22 (S.D.W.Va. May 1, 2015) (Docket No. 18).

Other federal courts differ on how stringently to define good cause in the context of stay and abeyance. *See Provencio v. Chrones*, No. 06-1760, 2007 WL 1299967, at *2-*6 (S.D. Cal. Apr. 30, 2007) (collecting cases containing various definitions for good cause standard); *Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1650771, at *10 (S.D. Ohio June 6, 2006) (report and recommendation discussing various definitions applied and noting that some courts have adopted standard for cause applicable to procedural default while other courts have declined to do so); *compare Landeck v. Allen*, No. 3:14-CV-88, 2014 WL 5410630, at *4 (E.D. Va. Oct. 22, 2014) (recognizing that standard should not be "inordinately demanding") *with Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (declining to adopt "broad interpretation" of good cause because such interpretation would undermine goals of AEDPA). Consequently, federal courts have also disagreed as to what constitutes good cause in the stay analysis. *Compare Long v. Ballard*, No. 2:13-cv-26, 2013 WL 6858415, at *6 (N.D.W.Va. Dec. 30, 2013) (finding that good cause did not exist to grant stay where petitioner argued that any subsequent federal habeas petition would be time barred), *with Smith v. Wolfe*, No. PJM-10-2007, 2011 WL 4548315, at *6 (D. Md. Sept. 27, 2011) (granting stay rather than dismissing without prejudice where any subsequent federal habeas petition would be time barred), *and Murray v. Perry*, No. 3:06-CV-51, 2007 WL 601494, at *5 (N.D.W.Va. Feb. 22, 2007) (magistrate judge recommending stay where any subsequent federal habeas petition would be time barred), *and Clement v. Blair*, No. 06-00351, 2007 WL 57782, at *3 (D. Haw. Jan. 5, 2007) (recognizing that "impending expiration of [AEDPA's] statute of limitations does constitute good cause."); *compare Newman v. Lempke*, No. 13-cv-531, 2014 WL 4923584, at *3

(W.D.N.Y. Sept. 30, 2014) (recognizing ignorance or confusion about law may constitute good cause), *and Provencio*, 2007 WL 1299967, at \*5 (report and recommendation finding that ignorance of law and reasonable confusion as to whether state court habeas petition would be timely satisfied good cause standard), *and Riner v. Crawford*, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006) (holding that good cause exists where petitioner can "show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control"), *with Jackson v. Baenen*, No. 12-cv-00554, 2012 WL 5988414, at \*2 (E.D. Wis. Nov. 29, 2012) (holding ignorance of law does not constitute good cause), *and McIntyre v. Quarterman*, No. 3-09-cv-0574, 2009 WL 1563516, at \*3 (N.D. Tex. June 2, 2009) (same); *compare Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014) (holding ineffective assistance of counsel during state habeas proceedings may constitute good cause for a stay), *and Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (same), *with Edwards v. Thaler*, No. 3:10-CV-0006-M, 2011 WL 4056299, at \*2 (N.D. Tex. Aug. 15, 2011) (finding that ineffective assistance of state habeas counsel did not support finding of good cause for stay), report and recommendation adopted by 2011 WL 4074330 (N.D. Tex. Sept. 12, 2011), *and Carter v. Friel*, 415 F. Supp. 2d 1314, 1317-18 (D. Utah 2006) (recognizing split of authority as to whether ineffective assistance of post-conviction counsel constitutes good cause and concluding that it does not).

Turning to the relevant facts in the good cause analysis here, the undersigned estimates that the AEDPA's one-year statute of limitations will expire in this case on January 9, 2016, pursuant to 28 U.S.C. § 2244(d)(1)(A). The calculation of this

expiration date is made slightly more complex by the state circuit court's partial grant of habeas relief and entry of an amended sentencing order that *substantively* altered Clement's sentences for multiple convictions.[14] (ECF No. 9-1 at 109-110). In essence, when the state circuit court amended the sentencing order in a manner other than to correct a mere clerical error, Clement's opportunity for direct review by the WVSCA was reopened. *See Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011) ("[W]hen a petitioner is resentenced after AEDPA's one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement. A new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing."); *Kilgore v. Superintendent, Miami Corr. Facility*, No. 3:09-CV-419-TLS, 2012 WL 868613, at *2 (N.D. Ind. Mar. 13, 2012) (finding sentence modification restarted AEDPA limitations period where error existed at time petitioner was initially sentenced); *Daniels v. Waid*, No. 2:09-cv-00244, 2011 WL 1043490, at *2-*3 (S.D.W.Va. Mar. 18, 2011) (noting that resentencing as a result of state habeas proceeding may reopen right to direct review within meaning of AEDPA's statute of limitations); *cf. Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 610 (6th Cir. 2013) ("[I]n the case of a petitioner whose conviction is affirmed on direct review but whose case is remanded for resentencing because his initial sentence is infirm for some reason, the judgment is 'final' only after direct

---

[14] While West Virginia Rule of Criminal Procedure 35(a) permits a trial court to "correct an illegal sentence at any time," the circuit court did not mention this rule in modifying Clement's sentence. In any event, Rule 35 does not prevent the WVSCA from reviewing sentence modifications under that rule. *See, e.g., State v. Williams*, 599 S.E.2d 624, 627 (W. Va. 2004).

review of the punishment imposed at resentencing."); *Lozano v. Frank*, 424 F.3d 554, 555-56 (7th Cir. 2005) (rejecting argument that sentencing modification for later cooperation in other prosecutions "reset" limitations period where fact of cooperation did not exist at time of trial and had "no bearing" on finality of convictions"); *Bishop v. Sec'y, Fla. Dep't of Corr.*, No. 3:13cv118, 2013 WL 5596776, at *4 (N.D. Fla. Oct. 11, 2013) ("[W]hen a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical error."); *Harper v. Ballard*, No. 3:12-00653, 2013 WL 285412, at *6 (S.D.W.Va. Jan. 24, 2013) (using date of most recent resentencing to calculate when judgment became final for purposes of § 2244(d)(1)(A)); *Horn v. Ballard*, No. 1:07-00503, 2009 WL 914879, at *2 (S.D.W.Va. Mar. 31, 2009) (recognizing that "reinstatement" of right to direct appeal through resentencing procedure rendered § 2254 petition timely).

Along with the cases previously cited, the undersigned also finds support for this conclusion in *Jimenez v. Quarterman*, 555 U.S. 113, 121, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009), where the Supreme Court held that the reopening of direct appeal through a state collateral review proceeding, before the filing of a federal habeas petition, rendered the petitioner's judgment "not yet 'final'" for purposes of § 2244(d)(1)(A). In *Jimenez*, the petitioner was sentenced in 1995 and his conviction initially became final for AEDPA purposes in October 1996, which provided him until October 1997 to seek habeas relief in federal court under § 2244(d)(1)(A). *Id.* at 115, 118-19. The petitioner eventually filed a state habeas action arguing that he had been denied his right to direct appeal, and in September 2002, the state appellate court concurred and granted the petitioner an opportunity to file an out-

of-time appeal. *Id.* at 116. The petitioner's conviction was affirmed by the state appellate court, and the time for seeking certiorari review of that decision from the Supreme Court expired in January 2004. *Id.* Thereafter, the petitioner filed a § 2254 petition, asserting that his conviction did not become final for AEDPA purposes until January 2004. *Id.* at 117. The Supreme Court agreed and determined that once the state appellate court reopened direct review of petitioner's conviction through the state habeas proceeding, the conviction was no longer final for AEDPA purposes. *Id.* at 120. The Court concluded that the petitioner's conviction did not become final until "the entirety of the state direct appellate review process was completed" in January 2004. *Id.* at 121.

Here, the state habeas court's September 27, 2013 opinion and order unsettled the judgment imprisoning Clement—the sentencing order in Clement's case was substantively modified.[15] Although Clement did not file a direct appeal related to the judgment modification, there is no reason to believe he could not have done so. Instead, Clement chose to pursue other habeas claims through an appeal of the state circuit court's decision to the WVSCA. Understanding that the state circuit court's September 2013 opinion and order altered the finality of the judgment in Clement's case, the undersigned looks to that as the starting point for § 2244(d)(1)(A). Clement had four months from the date on which the state circuit court's order was entered in the clerk's office to perfect an appeal of the order to the WVSCA. *See* W. Va. R. App. P. 5(f); *Macri v. Ballard*, No. 5:14CV11, 2015 WL

---

[15] In *Magwood v. Patterson*, the Supreme Court concluded that the petitioner's resentencing resulted in a new judgment for AEDPA purposes. 561 U.S. 320, 331, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010); *see also Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) ("A judgment of conviction includes both the adjudication of guilt and the sentence.").

892957, at *9 (N.D.W.Va. Mar. 2, 2015). This case is unique in that a tolling event under 28 U.S.C. § 2244(d)(2) was ongoing during that four-month period—specifically, Clement's habeas appeal to the WVSCA was pending until January 8, 2015, when his timely petition for rehearing was denied. *See Sherwood v. Prelesnik*, 579 F.3d 581, 586-87 (6th Cir. 2009) (agreeing with Fifth, Tenth, and Eleventh Circuits that AEDPA's one-year time period is tolled during the period in which timely motion for rehearing is pending); *also Patrick v. Phelps*, 764 F. Supp. 2d 669, 672 (D. Del. 2011) (finding that motion for rehearing in post-conviction proceeding tolled AEDPA's statute of limitations). Because the tolling event did not cease until after the four-month period for direct review expired, the undersigned uses the day after the tolling event ended, January 9, 2015, as the date from which the one-year statute of limitations began to run under § 2244(d)(1)(A).[16] Accordingly, the limitations period for Clement's § 2254 petition will not expire until January 9, 2016, which is 109 days from the date of this PF & R.[17]

---

[16] Fed. R. Civ. P. 6(a). *See also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

[17] To the extent that the undersigned's calculation of the expiration date for Clement's petition is debatable due to the undersigned's resolution of the sentence modification issue, a time-bar hardship is more apparent. Specifically, if the sentence modification during state habeas proceedings did not reset the AEDPA's one-year statute of limitations, then the period for filing a § 2254 petition will expire on October 12, 2015, which is **twenty** days from today's date. Clement's direct appeal was refused by the WVSCA on September 9, 2009. He then had ninety days in which to seek a writ of certiorari from the United States Supreme Court, which he did not do. Sup. Ct. R. 13(1) & 13(3). One day after that ninety days had passed, on December 9, 2009, the AEDPA's one-year statute of limitations began to run unless state habeas relief was sought, which would toll the limitations period. 28 U.S.C. § 2244(d)(2). On March 9, 2010, Clement filed his state habeas petition, thereby tolling the limitations period after the passage of **ninety** days. Clement's state habeas petition was pending for the purposes of § 2244(d)(2) until the WVSCA denied Clement's petition for rehearing of his habeas appeal on January 8, 2015. Clement then filed his § 2254 petition in this Court on February 27, 2015; however, Clement's filing of his federal habeas petition did not toll the AEDPA's statute of limitations. *Holmes v. Ballard*, No. 3:13-cv-97, 2014 WL 1516305, at *14 (N.D.W.Va. Apr. 17, 2014) (citing *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)). Between January 9, 2015, and the date of this PF & R, **256** days have passed. As such, a total of **346** days have been used from the AEDPA's one-year balance. As discussed above, a stay was granted in *Carter* where a similar time constraint existed. 2015 WL 966127, at *12.

Although 109 days remaining in the AEDPA's one-year balance would not normally support a petitioner's argument for good cause, this case is exceptional. First, the calculation of the time remaining for Clement to return to federal court is debatable given the unique procedural history in this case. If a view contrary to the undersigned's determination is adopted, then Clement will have significantly less time (twenty days to be exact) to return to state court and then file another § 2254 petition in federal court at the conclusion of state habeas proceedings. Second, there is some disagreement among the parties as to which of Clement's claims have been properly exhausted in state court. That debate will undoubtedly cause Clement to use additional time in preparing for his second state habeas action. Moreover, any confusion by Clement as to whether some of his claims had been properly exhausted in state court is an appropriate factor to consider in determining whether Clement acted reasonably in filing for habeas relief prematurely in this Court. Third, Clement has alleged that his state habeas counsel was ineffective in refraining from raising certain claims during his habeas appeal and inadequately briefing other issues on appeal. Having reviewed the state habeas materials supplied by Respondent, the undersigned cannot conclude that this claim is wholly meritless. As noted above, ineffective assistance of counsel during state habeas proceedings may in some cases constitute good cause for a stay. *See Blake*, 745 F.3d at 983; *Rhines*, 408 F. Supp. at 849. Finally, while not unique to this case, the undersigned notes that the limitations period was not tolled by the filing of this action. Given the time that has already passed in this court, and, more importantly, the additional time allowed for filing objections to these proposed findings and recommendations and the presiding District Judge's demanding docket, significantly less time may be available for

Clement to return to federal court when the matter is ultimately decided by the District Judge. Consequently, in light of the complex procedural issues arising in this case, Clement's allegations of ineffective assistance of state habeas counsel, the possibility that Clement's ability to obtain federal habeas relief will be jeopardized if his petition is dismissed, and the State of West Virginia's acquiescence to a stay, the undersigned finds that good cause exists for Clement's failure to exhaust his state court remedies before proceeding in this Court.

As for the second consideration in assessing the propriety of a stay, the undersigned cannot conclude that Clement's unexhausted claims are plainly meritless. Having reviewed Clement's § 2254 petition, many of the unexhausted claims relate to critical aspects of Clement's conviction, including his ability to introduce evidence in his defense, jury instructions, and ineffective assistance of trial counsel, and the arguments raised by Clement are not facially frivolous. Moreover, Clement maintains that his state habeas counsel failed to effectively develop the record for some of his unexhausted claims. After examining the state habeas materials supplied by Respondent, the undersigned is not in the position to definitively determine that this contention lacks potential merit. If the state court agrees with Clement regarding the effectiveness of his state habeas counsel, then that court should be permitted to develop the necessary record for the unexhausted claims.

With regard to the third element set forth in *Rhines*, there is no reason to believe that Clement has engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. To the contrary, Clement has been diligent in seeking relief from his convictions, first on direct appeal, and subsequently in his state habeas

28

proceeding. Throughout his state habeas proceeding, Clement consistently communicated with his state habeas counsel. (ECF No. 11-1 at 8, 12, 14, 16, 18, 20, 22, 25, 27). Approximately one month after his petition for rehearing was denied by the WVSCA, Clement sought federal habeas relief in this Court. Moreover, since filing in this Court, Clement has been actively engaged in the process. There appears to be no incentive for Clement to participate in dilatory tactics—he clearly wants relief from his conviction and sentence as quickly as possible, and whether that relief is acquired from a state court or federal court likely makes no difference to him. (ECF No. 11 at 16-17); *cf. Rhines*, 544 U.S. at 277-78 (recognizing that "capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). For the aforementioned reasons, and in light of the fact that Respondent does not object to this Court staying proceedings and holding Clement's petition in abeyance, (ECF No. 10 at 17), the undersigned **FINDS** that Clement has satisfied the three requirements for the issuance of a stay under *Rhines*.

Therefore, the undersigned **PROPOSES** that the District Judge **FIND** that Clement's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is a mixed petition containing both exhausted and unexhausted claims. Nevertheless, the undersigned **PROPOSES** that the District Judge **FIND** that Clement is entitled to a stay while he exhausts his state court remedies and that Clement's petition should be held in abeyance until that time. In light of the timeliness concerns reflected in the AEDPA, the undersigned further **PROPOSES** that the District Judge condition the stay on Clement pursuing his state court remedies within thirty days of the date that the order to stay is entered and require Clement to return to

federal court thirty days after he has exhausted his state court remedies. *See Rhines*, 544 U.S. at 278.

## IV.   <u>**Proposal and Recommendations**</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. The relief sought in Clement's Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 2), be **DENIED, without prejudice**;

2. Respondent's Motion to Dismiss, or in the Alternative, Motion for Stay and Abeyance, (ECF No. 10), be **GRANTED,** insofar as Respondent requests a stay and abeyance;

3. Clement be **GRANTED** a **STAY** so that he may pursue his state court remedies for his unexhausted claims and that the stay be conditioned on Clement pursuing his state court remedies within **thirty days** of the date that the order to stay is entered; and

5. Clement's habeas petition be held in **ABEYANCE** pending exhaustion of state court remedies, and Clement be required to return to federal court within **thirty days** after he has exhausted his state court remedies and seek to lift the stay.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** September 22, 2015

Cheryl A. Eifert
United States Magistrate Judge