**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LARRY CLEMENT,

                              Petitioner,

v.                                                    CIVIL ACTION NO.   2:15-cv-02320

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex

                              Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner Larry Clement's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as Amended, (ECF Nos. 2, 20), and Respondent Donald Ames's ("Respondent") Motion for Summary Judgment, (ECF No. 25).  By Standing Order of May 7, 2014, and entered in this case on March 18, 2015, this action was referred to United States Magistrate Judge Cheryl Eifert for the entry of Findings of Fact and Recommendations for disposition.   (ECF No. 4.)   Magistrate Judge Eifert submitted her Proposed Findings and Recommendations ("PF&R") on July 7, 2020, in which she recommends that this Court deny Petitioner's Petition for a Writ of Habeas Corpus; grant Respondent's Motion for Summary Judgment; and dismiss this action.   (ECF No. 40.)   Following several Court-ordered extensions of time, Petitioner, acting *pro se*, filed his objections to the PF&R on October 14, 2020.[1]   (ECF No. 45.)

---

[1] The Court notes that Petitioner's objections were untimely filed.   Pursuant to the Court's Order, entered August 31, 2020, Petitioner was to file any objections by October 5, 2020.   (ECF No.44.)   However, in his previous motions, Petitioner indicated that obtaining access to the Mount Olive Correctional Complex's Law Library has been difficult,

For the reasons more fully explained below, the Court **OVERRULES** Petitioner's objections, (ECF No. 45); **ADOPTS** the PF&R, (ECF No. 40); **GRANTS** Respondent's Motion for Summary Judgment, (ECF No. 25); and **DENIES** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as Amended, (ECF Nos. 2, 20).

## I.   BACKGROUND

A detailed recitation of the extensive facts of this action can be found in the Magistrate Judge's PF&R, (ECF No. 40), and therefore need not be repeated here.   The Court will provide a discussion of any relevant facts from Petitioner's original criminal case as necessary throughout this opinion to resolve Petitioner's objections.   Petitioner submitted the instant Amended Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 on August 2, 2019.   (ECF No. 20.) Petitioner raises the following claims in his petition:

1) The Circuit Court erred by not allowing into evidence exculpatory audio and video recordings of prior interviews of the victims;

2) Two jurors "tainted the potential jury pool" by crying following questioning in chambers regarding their ability to fairly judge a case that involved sexual assault;

3) Prosecutorial misconduct based upon the prosecutor's comments during trial and the prosecutor's withholding of the exculpatory audio and video recordings;

4) Insufficient evidence;

5) The Circuit Court applied the rules of evidence "mechanistically," depriving Petitioner of the ability to present a fair defense when it ruled that the audio and video recordings were not admissible;

6) Improper jury instructions;

7) Ineffective assistance of counsel based upon:

   a.   Failure to object to statements made by the prosecutor;

---

as the Complex has been in a "controlled movement" status to contain the spread of the COVID-19 virus.   (*See* ECF No. 43.)   In the interest of justice, the Court takes up Petitioner's objections despite his untimely filing.

    b.  Failure to retain medical expert testimony;

    c.  Failure to investigate;

    d.  Failure to request that Petitioner's case be analyzed under applicable United States Supreme Court precedent;

    e.  Failure to object to the Circuit Court's instruction regarding Sexual Abuse by a Parent, Guardian, or Custodian;

    f.  Failure to object to the Circuit Court's "incomplete" instruction regarding the element of forcible compulsion;

    g.  Failure to object to the Circuit Court's violation of *ex post facto* principle;

    h.  Failure to object to the imposition of the sexual assault statute;

    i.  Failure to call witnesses who could impeach the victims' testimony;

    j.  Failure to subject the State's case to a meaningful adversarial process;

    k.  Failure to hire a forensic expert to discredit the State's case;

    l.  Failure to subpoena a minor victim's medical records;

    m.  Failure to investigate the school records of a victim;

    n.  Failure to call a witness who was a friend of the victims' family;

    o.  Failure to request a limiting instruction on prior bad act evidence introduced at trial;

    p.  Failure to request a limiting instruction regarding the prosecutor's "inflammatory" statements;

    q.  Failure to communicate a plea offer.

8)  Actual innocence;

9)  The Circuit Court erred by not dismissing the counts of sexual abuse by a parent, guardian, or custodian due to insufficient evidence;

10) Violation of Petitioner's constitutional rights due to ineffective performance by Hoosier in submitting the habeas appeal brief;

11) Violation of Petitioner's right to counsel due to Hoosier's ineffective assistance during habeas proceedings.

(ECF No. 20 at 7–21.)   The PF&R thoroughly analyzes each of Respondent's arguments contained within his Motion for Summary Judgment, (ECF No. 25), and recommends this Court grant Respondent's motion; deny Petitioner's Amended Petition for a Writ of Habeas Corpus, (ECF No. 20); and dismiss this matter from the Court's docket.

## II.  LEGAL STANDARD

### A.  Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

*B. Habeas Corpus Standard of Review*

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   "Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."   *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000).

Section 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a deferential standard of review to be applied to any claim that was "adjudicated on the merits" in state court proceedings.   In such a case, a federal court may grant habeas relief only if the adjudication of the claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law.   "A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts."   *Bell v. Cone*, 535 U.S. 685, 694 (2002).   "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.*   The latter inquiry focuses on whether the state court's application of clearly established

federal law was "unreasonable," as distinguished from whether it was "correct."  *See Renico v. Lett*, 559 U.S. 766, 773 (2010); *Bell*, 535 U.S. at 694; *Williams v. Taylor*, 529 U.S. 362, 410 (2000).

Section 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts.  "[A] determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  "The phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion."  *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (recognizing that § 2254(d) applies even if the state court issued a summary decision unaccompanied by an explanation).  The state court determination will be upheld so long as "fairminded jurists could disagree" on its correctness. *Yarbrough v. Alvarado*, 541 U.S. 652, 664 (2004).

### C.  Summary Judgment

Rule 12 of the Rules Governing Section 2254 Cases ("Habeas Corpus Rules") states that the "Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or these rules," are applicable to habeas corpus proceedings.  Summary judgment, therefore, may be appropriate in federal heabeas corpus cases and allows a court to assess the need for an evidentiary hearing.  *See Blackledge v. Allison*, 431 U.S. 63, 81 (1977).  Rule 56 of the Federal Rules of Civil Procedure governs summary judgment.   This rule provides, in relevant part, that summary judgment should be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Under this well-

known standard, the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Liberty Lobby*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (citation omitted)).

The standard of viewing the evidence in the light most favorable to the nonmoving party, however, conflicts with § 2254(e)(1)'s dictate that a state court's factual determinations are presumed correct and may only be rebutted by clear and convincing evidence. *See Gentry v. Sinclair*, 576 F.Supp.2d 1130, 1140 (W.D. Wash. 2008). Accordingly, the requirements of 28 U.S.C. § 2254(e) trump Rule 56 to the extent that the summary judgment standard conflicts with the AEDPA. *See* Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir.2002) ("While, as a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases, the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)—which mandates that findings of fact made by a state court are 'presumed to be correct'—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.") (internal citation and quotation marks omitted), *abrogated on other grounds by* Tennard v. Dretke, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004); *see also Haight v. Parker*, Civ. Action No. 3:02-CV-206-S, 2015 WL 13548182 at *13 (W.D. Ky. July 17, 2015); *Gentry*, 576 F.Supp.2d at 1140. "[W]hile those facts tending to demonstrate the unconstitutionality of state custody are material, due to the statutory presumption of correctness, the petitioner faces a comparatively higher burden in establishing the genuineness (or hearing worthiness) of contested facts." *Haight*, 2015 WL 13548182 at *13 (quoting Hauck v. Mills,

941 F.Supp. 683, 687 (M.D. Tenn. 1996)).   While cognizant of the tension between the provisions

of the AEDPA, Habeas Corpus Rule 12, and the summary judgment standard, the Court finds that

summary judgment is appropriate in this matter.

### III. DISCUSSION

Petitioner filed his first set of objections on October 14, 2020.[2]   (ECF No. 45)   Petitioner

raises, essentially, two objections. First, Petitioner objects to the dismissal of and asserts he is

entitled to an evidentiary hearing regarding claims 1, 2, 3, 4, 5, 6, 7(c), 7(d), 7(q), and 9, as listed

above, because he was not provided a "full and fair fact hearing" in the Fayette County Circuit

Court.   (*Id.* at 2.)   Second, Petitioner objects to the dismissal of his ineffective assistance of

habeas counsel claims, claim numbers 10 and 11 in the list above, arguing that he is entitled to the

effective assistance of counsel on "initial-review collateral proceeding[s]" and that "Attorney

Hoosier breached this duty[.]"   The Court will take up these objections in turn.

A.      *Petitioner's Right to an Evidentiary Hearing on Claims 1–6, 7(c), 7(d), 7(q), and 9*

Petitioner asserts that he is entitled to an evidentiary hearing in this Court pursuant to

*Townsend v. Sain*, 372 U.S. 293, 313 (1963).   (ECF No. 45 at 2.)   Petitioner argues that he was

not afforded a "full and fair fact hearing" by the Circuit Court of Fayette County, and that the

Circuit Court similarly failed to develop facts before denying Petitioner's habeas petition.   (*Id.*)

Because of this alleged failure to provide him an evidentiary hearing in state court, Petitioner

argues that he is entitled to an evidentiary hearing on his claims.

In *Townsend*, the Supreme Court of the United States held that "[W]here an applicant for

a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court

---

[2] A second set of objections from Petitioner was received and filed a week later, on October 21, 2020.   (ECF No. 46.)
The objections raised therein are identical to the first-filed set.

to which the application is made has the power to receive evidence and try the facts anew." *Townsend*, 372 U.S. at 312 *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).   Importantly, the Supreme Court reasoned that, where such facts are in dispute, the federal court must hold an evidentiary hearing if the petitioner for the writ "did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding."   *Id.* Recognizing that such state court hearings are largely governed by state law, however, the Court cautioned that it did not mean to imply that state courts were required to hold hearings or make such determinations pursuant to this holding, but that it only "presupposes that the State's adjudication of the constitutional issue can be of aid to the federal court[.]"   *Id.* at 313, n.9.

With this in mind, the Supreme Court held that federal courts sitting in habeas corpus must grant an evidentiary hearing when a petitioner for relief shows that one of the following six circumstances is met:

> If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.*   In light of these factors, the Supreme Court reasoned that a "full and fair hearing" could not occur unless the "state court actually reached and decided the issues of fact tendered by the [petitioner]."   *Id.* at 313–14.

West Virginia Code § 53-4A-7 governs the general proceedings for post-conviction petitions for writs of habeas corpus in the state of West Virginia.   It establishes, in part, the following:

> If the petition, . . . show[s] to the satisfaction of the court that the petitioner is
> entitled to no relief, or that the contention or contentions and grounds (in fact or
> law) advanced have been previously and finally adjudicated or waived, the court
> shall enter an order denying the relief sought. If it appears to the court from said
> petition, . . . that there is probable cause to believe that the petitioner may be entitled
> to some relief and that the contention or contentions and grounds (in fact or law)
> advanced have not been previously and finally adjudicated or waived, the court
> shall promptly hold a hearing and/or take evidence on the contention or contentions
> and grounds (in fact or law) advanced, and the court shall pass upon all issues of
> fact without a jury.

W. Va. Code § 53-4A-7(a).  As the statute demonstrates, a petitioner is not in fact entitled to a

full evidentiary hearing.  Instead, the question of whether a petitioner is entitled to a hearing is

"whether the petitioner has had a full and fair hearing at some stage of the proceeding with respect

to the contentions raised in his petition."  *Gibson v. Dale*, 319 S.E.2d 806, 814 (W. Va. 1984).

> If the facts were sufficiently developed at or before trial so that the court can rule
> on the issue presented without further factual development, the court may, in its
> discretion, decline to conduct an evidentiary hearing during the habeas proceeding
> and may rule on the merits of the issues by reference to the facts demonstrated on
> the record.

*Id.*  Therefore, and pursuant to W. Va. Code § 53-4A-7, a court having jurisdiction over a habeas

corpus petition may deny the petition without a hearing if the petition and affidavits, exhibits, or

other evidence "filed therewith show to such court's satisfaction that the petitioner is entitled to no

relief."  *Watts v. Ballard*, 798 S.E.2d 856, 861 (W. Va. 2017) (quoting Syl. Pt. 1, in part, *Perdue

v. Coiner*, 194 S.E.2d 657 (W. Va. 1973).  *See also Ravnell v. Coiner*, 320 F.Supp. 1117, 1124

(N.D. W. Va. 1970) (failure of state court which had previously considered two habeas corpus

applications to consider third petition did not constitute constitutional deprivation of petitioner's

rights).

The ultimate question in resolving Petitioner's objection here, then, is whether he had a

"full and fair hearing" at some point in the extensive history of this matter with respect to the

contentions raised in his petition.   As evidenced, so long as the facts were sufficiently developed at or before trial, the circuit court is within its discretion to decline to hold an evidentiary hearing and may rule on the merits of the issues raised by Petitioner during the habeas proceeding by reference to the record.   *See Gibson*, 319 S.E.2d at 814.   Keeping this in mind, the Court will now turn to Petitioner's individual claims and the record to determine whether the facts were sufficiently developed on his contentions.

   1.  *Claim 1 – Exclusion of Evidence*

   Petitioner first contends that he deserves an evidentiary hearing on his claim that the Circuit Court erred by excluding from evidence allegedly exculpatory video and audio recordings of the minor victims' interviews.   (ECF No. 20 at 7.)   This ground was raised in Petitioner's second state habeas proceeding.   (ECF No. 24–22 at 12.)   This ground was additionally raised in Petitioner's first state habeas proceeding.   (ECF No. 24–11 at 10.)   Finally, the substance of Petitioner's claim—the admissibility of the audio and video recordings—was addressed during Petitioner's trial.   (ECF No. 24–29 at 257–64; ECF No. 24–30 at 5–11.)   Critically, and ultimately fatal to Petitioner's objection, the Circuit Court of Fayette County held an omnibus evidentiary hearing on Petitioner's first state habeas petition, and the Circuit Court considered this claim at length.   (ECF No. 24–17 at 77–84.)

   In short, Petitioner received a full and fair fact hearing regarding this issue, but even if he had not, the Circuit Court, having heard and developed the issues at trial itself, had a sufficiently developed factual record from which it could rule on Petitioner's claim on the merits.   Petitioner's objection is **OVERRULED** as to Claim 1.

2.      *Claim 2 – Prejudiced Jury Pool*

Petitioner next objects and asserts that he is entitled to an evidentiary hearing on his claim that two jurors tainted the potential jury pool by crying following an *in camera* questioning regarding their personal histories with sexual abuse.   (ECF No. 20 at 9.)   Petitioner raised this issue in his direct appeal to the West Virginia Supreme Court of Appeals, which summarily denied the claim.   (ECF No. 24–9 at 11–12; ECF No. 24–10 at 2.)   The Circuit Court also considered this claim on its merits in Petitioner's first state habeas, even though Petitioner had not included the claim on his *Losh* list.[3]   (ECF No. 24–17 at 109.)   There, the Circuit Court noted that the questioning of the jurors occurred *in camera* and outside of the presence of the other potential jurors.   (*Id.*)   The Circuit Court also stated that it was "at a loss" as to how two jurors, questioned outside of the presence of other jurors, and who were seen crying as they exited the courthouse would prejudice the entire pool against Petitioner.   (*Id.*)

Again, the Circuit Court possessed a full and complete record regarding Petitioner's contentions, such that a full evidentiary hearing would be unnecessary.   Petitioner raised this issue on direct appeal and again in his initial state habeas proceeding.   The Circuit Court considered the claim on its merits, and no further factual development was needed.   Petitioner's objection is **OVERRULED** as to Claim 2.

3.      *Claim 3 – Prosecutorial Misconduct*

Petitioner's next objection is that he deserves an evidentiary hearing to address his claim that his right to a fair trial was violated by prosecutorial misconduct.   Petitioner argued that the prosecutor referred to Petitioner as a "molester" during the trial and that the prosecution withheld

---

[3] A *Losh* checklist is a list of all alleged trial errors that is filed by a petitioner in a state habeas proceeding. *See Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981).

the audio and video recordings.   (ECF No. 20 at 10.)   Notably, the Petitioner raised this issue on direct appeal to the West Virginia Supreme Court of Appeals, (ECF No. 24–9 at 2); his first state habeas proceeding, (ECF No. 24–11 at 5); his first federal habeas proceeding, (ECF No. 2 at 9); and his second state habeas proceeding, (ECF No. 24–22 at 20).

The Circuit Court considered Petitioner's claim in his first habeas proceeding.   (ECF No. 24–17 at 93–94.)   The Circuit Court, as well as the instant PF&R, only located one instance in which a prosecutor used the term "molest" in the trial transcript.   (ECF No. 24–17 at 92.)   In fact, the Circuit Court agreed with Petitioner that the language "cast Petitioner in a bad light," and that it was further "inappropriate."   (*Id.*)   Nevertheless, the Circuit Court determined that Petitioner was not "materially prejudiced" by the statement because it was not based on a misrepresentation of the evidence; it was an isolated remark; it was not designed to inflame the jury; and the evidence against Petitioner was strong.   (ECF 24–17 at 92–94.)   Moreover, Petitioner's trial counsel was questioned regarding his failure to object over this perceived inflammatory remark during the evidentiary hearing in Petitioner's first habeas proceeding.   (ECF No. 24–31 at 71.)   Petitioner's counsel testified that his "belief was the damage of bringing that forward and bringing it acutely to the attention of the jury was more prejudicial to" Petitioner than just letting it pass.   (*Id.*)

As evidenced, Petitioner was afforded a full and fair hearing on this claim.   The Circuit Court, despite having the entire trial record in front of it, developed more evidence through the questioning of Petitioner's trial counsel.   Having a fully-developed factual record, the Circuit Court decided the issue on its merits.   Furthermore, and as this Court has already addressed, the Circuit Court also decided on the merits Petitioner's claim regarding the allegedly exculpatory

video and audio recordings.   For the foregoing reasons, Petitioner's objection is **OVERRULED** as to Claim 3.

   4.    *Claim 4 – Sufficiency of the Evidence*

Petitioner's next objection is addressed to his claim that his convictions should be overturned as they are not based on sufficient evidence.   Petitioner challenged the sufficiency of the evidence on direct appeal to the Supreme Court of Appeals, where his challenge was summarily denied.   (ECF No. 24–10 at 2.)   Petitioner further raised this claim in his first state habeas petition, where again the claim was denied by the Circuit Court of Fayette County.   (ECF No 24–17 at 98.)   Again, and as he did in his state court habeas proceedings, Petitioner has raised the issue of the video and audio recordings that were excluded from evidence in the Circuit Court.

The Circuit Court considered this claim and denied it on its merits.   (*Id.*)   Indeed, as both the Circuit Court and the Magistrate Judge in the instant PF&R recognized, "a criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a *heavy burden*."   (*Id.* at 96 (quoting *State v. Broughton*, 470 S.E.2d 413, 416 (1996).)   Nevertheless, the Circuit Court addressed Petitioner's argument and his proposed findings, ultimately deciding that the convictions rested upon "legally sufficient evidence."   (*Id.* at 98.)

Not only was the evidence heard, considered, and decided upon by the jury, the Circuit Court provided Petitioner a full and fair hearing during his first habeas proceeding.   The Circuit Court further fully considered Petitioner's claim before thoughtfully concluding that he had failed to carry his heavy burden in showing the evidence was legally insufficient.   Petitioner's objection is **OVERRULED** as to Claim 4.

14

5. *Claim 5 – Right to Present a Defense*

Petitioner next objects that he is entitled to an evidentiary hearing regarding his claim that the Circuit Court's refusal to admit into evidence the audio and video recordings of the interviews of the victims unconstitutionally prevented him from presenting a defense to the charges against him. As the Magistrate Judge correctly identifies in the PF&R, Petitioner's claim is simply a "reformulation of [Petitioner's] first claim" that the exclusion of this evidence "violated his constitutional right to a fair trial." (ECF No. 40 at 69.)

For those same reasons, namely that Petitioner raised this very issue in his first state habeas proceeding, where he received a full and fair evidentiary hearing, Petitioner's objection has no merit. The Circuit Court had a fully developed factual record before it and decided this issue on its merits. (ECF No. 24–17 at 77–84.) Petitioner's objection is **OVERRULED** as to Claim 5.

6. *Claim 6 – Jury Instructions*

Petitioner's next objection is that he is entitled to an evidentiary hearing on his claim that the jury instructions provided by the Circuit Court were improper. The Circuit Court considered this claim in Petitioner's first state habeas hearing. (ECF No. 24–17 at 85.) There, the Circuit Court determined that the instructions were sufficient as they outlined all of the essential elements of the crime. (*Id.* at 86.)

As with Petitioner's other objections thus far, it is difficult to ascertain precisely what Petitioner contends an evidentiary hearing would show on this matter, as the Circuit Court had a full and complete trial record before it, and further heard and considered this claim in Petitioner's first state habeas proceeding. The Circuit Court concluded, as did the Magistrate Judge in the instant PF&R, that the instructions appropriately contained all of the required essential elements

of the crime and that Petitioner failed to identify any legal error. In sum, Petitioner's argument was fully considered by the Circuit Court, and it rendered a decision on the merits. Petitioner's objection is therefore **OVERRULED** as to Claim 6.

7. *Claim 7(c) – Ineffective Assistance of Counsel Based on a Failure to Investigate*

Petitioner's next objection is regarding his ineffective assistance of trial counsel claim, based upon counsel's alleged failure to investigate, and that Petitioner was denied an evidentiary hearing as to this claim. Petitioner first raised this claim in his initial state habeas proceeding, where he asserted that trial counsel failed to "object and investigate," in that trial counsel "was in possession of" the victims' mother's request to have a doctor examine the victims "for fear she had been rape[d].[4]" (ECF No. 24–11 at 44.)

Again, the Circuit Court fully considered this argument and received testimony from Petitioner's trial counsel as to this alleged failure. (*See* ECF No. 24–17 at 53.) Counsel testified that he and Petitioner made a "tactical decision" not to request further physical or psychological examinations for a fear of "a reaffirmation that supports the State's case." (ECF No. 24–31 at 18–19.) Trial counsel also stated that he tried to obtain a medical opinion that the victims falsified their testimony, but his retained expert was only willing to testify to issues he perceived in the investigation. (*Id.* at 31.) Counsel also testified that, without physical evidence, any physical evaluations of the victims would have no relevance to the case. (*Id.* at 62.) Trial counsel also testified that he did not remember any medical evaluation from the victims' doctor. (*Id.* at 64.)

---

[4] The PF&R recommends dismissal of this claim for failing to provide any supporting factual allegations. (ECF No. 40 at 83.) This Court is similarly unable to find any factual allegations to support this claim, and therefore relies on Petitioner's previous factual allegations on this issue. Given these habeas proceedings, and in order to be entitled to an evidentiary hearing, Petitioner must present some evidence that, if proved, would show he is entitled to relief. *See* W. Va. Code § 53-4A-7(a). *See also* 28 U.S.C. § 2254. However, as detailed above, Petitioner has received a full and fair evidentiary hearing on this issue in his first state habeas proceeding.

The Circuit Court, in receiving this testimony, stated that counsel could not "be faulted for failing to locate what did not exist."   (ECF No. 24–17 at 53.)

Finding again that Petitioner did in fact receive a full and fair evidentiary hearing on this issue and, finding that the Circuit Court fully adjudicated Petitioner's claim on the merits, Petitioner's objection is **OVERRULED** as to Claim 7(c).

8.     *Claim 7(d) – Ineffective Assistance of Counsel for Failing to Request Analysis of Case Under Specific Supreme Court Precedent*

Petitioner's next objection is that he should be entitled to an evidentiary hearing on his claim that trial counsel failed to request that Petitioner's case be analyzed under the Supreme Court precedent *Rock v. Arkansas*, 483 U.S. 44 (1987).   Petitioner raised this argument in his first state habeas proceeding.   (ECF No. 24–11 at 10.)   Petitioner's contention, at its base, is that the Circuit Court applied a "*per se*" rule of evidence to exclude the alleged exculpatory audio and video evidence at trial.   (*See* ECF No. 40 at 85.)

However, and as has been previously detailed, the Circuit Court extensively discussed the admissibility of the recordings at trial before ultimately excluding it.   (ECF Nos. 24–29 at 263–66; 24–30 at 5–12.)   Thereafter, the Circuit Court considered Petitioner's argument as raised in his initial habeas proceeding.   (ECF No. 24–17 at 54, 76–77, 81–85.)   This included not only analyzing *Rock*, but also reviewing the recordings and examining their exclusion based on the case law and rules of evidence.   (*Id.* at 81–85.)   Specifically, the Circuit Court found that the decision to exclude the recordings was appropriate and that Petitioner could not show any prejudice.   (*Id.* at 54.)   The proper exclusion of the recordings from evidence would have made any objection by trial counsel futile, even though the record demonstrates that counsel did extensively argue for their admission.   (ECF Nos. 24–29 at 263–66; 24–30 at 5–12.)   Petitioner's objection, then, is

17

solely that counsel was ineffective because he failed to cite to *Rock* in that precise moment.   But as shown, the Circuit Court considered the admissibility of the recordings at trial, and then fully considered their admissibility in light of *Rock* in Petitioner's initial habeas proceeding.   Petitioner has not demonstrated that he was denied a full and fair adjudication of this issue.

For the foregoing reasons, Petitioner's objection is **OVERRULED** as to claim 7(d).

9.      *Claim 7(q) – Ineffective Assistance of Counsel for Failing to Communicate Plea Offer*

Petitioner next objects and asserts he is entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to communicate a plea offer.   Petitioner raised this claim in his first state habeas proceeding.   (*See* ECF No. 24–17 at 67.)   In fact, Petitioner claimed that the first he heard of the existence of a plea offer was *during the evidentiary hearing*.   (*Id.*)

The Circuit Court received and considered this argument, but also more fully developed the factual underpinnings of Petitioner's claim during the omnibus evidentiary hearing in his first state proceeding.   (*Id.*)   In fact, Petitioner's habeas counsel, Hoosier, asked specifically about the plea negotiations with the prosecution, and trial counsel characterized the negotiations as, "We'll let you plead guilty to ten and we'll drop twenty."   (ECF No. 24–31 at 38.)   On cross-examination, the prosecution revisited the plea negotiations, where trial counsel indicated that Petitioner was "fighting an uphill battle," and that the prosecution was unwilling to offer favorable terms in negotiations.   (*Id.* at 87–88.)   Trial counsel stated that, even with a formal plea offer, Petitioner would have been subject to a life sentence, in effect.   (*Id.*)   Finally, trial counsel testified that not only was Petitioner aware of the "uphill battle" but that he was also aware that the State was not willing to make a "very favorable plea offer[.]"   (*Id.* at 85–86.)   The Circuit Court, having before it a fully-developed factual record, determined that Petitioner was aware of

18

the negotiations and had failed to demonstrate a reasonable probability that he would have accepted the plea offer.   (ECF No. 24–17 at 68.)   Finally, and as the PF&R notes, there is no indication that any of these negotiations advanced beyond general discussions or ever became a formal plea offer.   (ECF No. 40 at 107.)   "Indeed, no written plea offer has surfaced."   (*Id.*)

Petitioner has not been able to show that he has not received a full and fair adjudication regarding this alleged error.   In fact, what has been shown is that he did receive a full and fair evidentiary hearing on this issue, and he further has not brought to light any evidence that would change this analysis.   The Circuit Court received testimony, considered his argument, and ultimately found it to be without merit.

For the foregoing reasons, Petitioner's objection is **OVERRULED** as to Claim 7(q).

10.    *Claim 9 – Insufficient Evidence Showing Petitioner was a "Custodian" of the Victims*

Petitioner's final objection to the alleged lack of an evidentiary hearing is to his claim that his convictions on charges of custodial sexual abuse are not supported by legally sufficient evidence.   Petitioner raised this issue in his first state habeas proceeding, as well as on appeal to the West Virginia Supreme Court of Appeals.   (*See* ECF Nos. 24–17 at 101–07; ECF No. 24–21 at 7.)

Again, the Circuit Court addressed Petitioner's argument at some length, after stating that it was "very familiar with [it]."   (ECF No. 24–17 at 102.)   In its opinion, the Circuit Court analyzed the Supreme Court of Appeals decision in *State v. Longerbeam*, 703 S.E.2d 307 (W. Va. 2010), which Petitioner argued warranted the dropping of the custodial sexual abuse charges against him.   (*Id.* at 102–03.)   However, the Circuit Court easily distinguished *Longerbeam* from the Petitioner's situation, finding that Petitioner had "abused the victims in his own home,"

19

exercised "care and control of a . . . person," and was a "person cohabitating with a . . . custodian in the relationship of husband and wife," the latter of which is a codified definition of "custodian" and an element of the crime.   (*Id.* at 103–04 (quoting W. Va. Code § 61-8D-1(4)).)   The Circuit Court further reviewed the trial testimony and found that the victims' mother, in leaving the minors with the Petitioner and his girlfriend,[5] entrusted the victims' safety to Petitioner, expected him to protect them, and would otherwise care for them during their visits.   (*Id.* at 105–06.)   Based on the trial testimony and explicit language of the statute, the Circuit Court denied Petitioner's claim, stating that "the jurors had plenty of evidence from which they could find that the victims were under Petitioner's 'care and control . . . for inspection, preservation, or security.'"   (*Id.* at 106 (quoting *State v. Collins*, 654 S.E.2d 115, 119 (W. Va. 2007)).)

Petitioner also raised this issue on appeal to the Supreme Court of Appeals following the Circuit Court's denial.   (ECF No. 24–21 at 7.)   There, the Supreme Court of Appeals held that whether the evidence was sufficient to show Petitioner was properly a custodian of the victims "was a question of fact for the jury, and not a legal question to be decided by the [Circuit Court]." (ECF No. 24–21 at 7.)   The Supreme Court of Appeals listed six factors, plus the definition of "custodian" in the statute, that indicated that the evidence was sufficient:

> (1) [P]etitioner had cohabited for years with the children's grandmother, (2) [P]etitioner had an ongoing relationship with the children, (3) the children were frequently in [P]etitioner's home and in his presence while their grandmother was asleep or occupied elsewhere, (4) the children's father expected [P]etitioner to watch over the children when they were in [P]etitioner's home, (5) the children's mother expected [P]etitioner to keep the children safe while they were with him, and (6) [P]etitioner ensured that the children were fed while they were with him.

---

[5] Petitioner lived with his girlfriend at the time, who was the grandmother of the victims.   (ECF No. 9–2 at 52.)

*Id.* at 8.   As this was properly before the jury as a question of fact, the Supreme Court of Appeals affirmed the Circuit Court's denial of this claim.   (*Id.*)

Petitioner has not carried his burden of demonstrating that he was denied a full and fair adjudication of this issue.   Petitioner raised this claim in both his initial habeas proceeding and on appeal to the Supreme Court, and in both instances his argument was given full consideration with a fully-developed factual record.   Petitioner has not identified any evidence, new or overlooked, that would entitle him to the relief he seeks.

For the foregoing reasons, Petitioner's objection is **OVERRULED** as to Claim 9.

Having considered all of Petitioner's objections to these specific claims, the Court remains unpersuaded that Petitioner is entitled to an additional evidentiary hearing.   Indeed, the record in this matter makes apparent that Petitioner's claims were fully heard, fully developed, and fully considered, such that his claims have been fairly and fully adjudicated on the merits.   Therefore, for the foregoing reasons, Petitioner's objection that he is entitled to an evidentiary hearing on the above claims is **OVERRULED**.

### B.  Ineffective Assistance of Habeas Counsel

Petitioner's remaining objection addresses Claims 10 and 11, in which Petitioner asserts that Hoosier, Petitioner's habeas counsel, was ineffective in submitting his habeas appeal brief and assisting during Petitioner's habeas proceedings.   (ECF No. 45 at 3.)   Petitioner's specific argument is difficult to discern, but it appears that Petitioner objects on the basis that his habeas proceeding should instead be considered as his "first appeal as of right" to ensure that he receives the "constitutionally guaranteed [] effective assistance of counsel."   (*Id.* at 3–4.)   Petitioner concedes that the Supreme Court of the United States holds that there is no right to effective

assistance of counsel on the "initial-review collateral proceeding." (*Id.* at 3.)   However, Petitioner claims that because the initial-review collateral proceeding would be the first instance that a reviewing court would "see solid legal arguments" regarding his ineffective assistance of trial counsel claim, and because Hoosier himself was allegedly constitutionally defective on this filing, this Court should thus find that this habeas proceeding should be considered his first appeal as of right so as to entitle him to constitutionally-effective counsel. (*Id.*)   Petitioner argues that by not constitutionally requiring the assistance of counsel on an initial-review proceeding, an "unconstitutional line [is] drawn between rich and poor." (*Id.* at 4 (quoting *Douglas v. California*, 372 U.S. 353, 357 (1963).)

Petitioner's argument is already foreclosed.   Title 28, § 2254(i) of the United States Code establishes that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."[6]   Further, the Supreme Court of the United States has repeatedly held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).   *See also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Johnson v. Avery*, 393 U.S. 483, 488 (1969).   However, the Court believes that Petitioner's claim deserves a more thorough analysis, as an inconsistency reveals itself within Petitioner's objection.

Petitioner's objection is based on the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), which created a narrow exception to the general rule that post-conviction collateral attacks are not constitutionally entitled to counsel.   Where state law requires prisoners to raise claims of ineffective assistance of trial counsel in an initial-review collateral proceeding—instead

---

[6] To the extent that Petitioner asserts that ineffective assistance of habeas counsel should be a ground for relief, he will need to take that up with Congress.

of on direct appeal—a procedural default "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial" if the default stems from the ineffective assistance of habeas counsel.   *See Martinez*, 566 U.S. at 16–17.

In West Virginia, a prisoner is required to "raise all grounds known or that reasonably could be known" at the omnibus habeas corpus hearing.   *Markley v. Coleman*, 601 S.E.2d 49, 52–53 (W. Va. 2004).   "At subsequent habeas corpus hearings, any grounds raised at a prior habeas corpus hearing are considered 'fully adjudicated' and need not be addressed by the circuit court." *Id.* at 53.   Thus, there are few instances in which a circuit court may hear additional claims for habeas relief, one of which includes the ineffective assistance of counsel at the omnibus habeas corpus proceeding.   *Id.* (citing Syl. Pt. 4, *Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981).)

This last point is important as Petitioner did raise an ineffective assistance of habeas counsel claim with his second state habeas petition.   (ECF No. 24–22.)   Petitioner asserts, however, that because of what he calls "the *Losh* cop-out," his claim was not given any meaningful review, and implies that the Circuit Court summarily denied his claim or applied the doctrine of *res judicata*.[7]   (ECF No. 45 at 5.)   This is a blatant misrepresentation of the proceeding, as the Circuit Court analyzed Petitioner's ineffective assistance of habeas counsel claims at great length and detail.   (ECF No. 24–23 at 18–43.)   In reality, Petitioner's point of contention appears to be that the Circuit Court held no evidentiary hearing, did not appoint further counsel, and did not hear

---

[7] This point is not altogether clear, as Petitioner also raised exhausted claims in his second state petition, and these claims were barred by the doctrine of *res judicata*.   (ECF No. 24–23 at 2.)   Petitioner, however, does eventually state that his ineffective assistance of habeas counsel claims were denied by the doctrine of *res judicata*.   (*Id.* at 6.)   This is blatantly false, as demonstrated by the Circuit Court's lengthy and well-reasoned opinion denying the same on the merits.   (*See* ECF No. 24–23 at 19–44.)   In fact, the Circuit Court even states that while it "could summarily dispose of Petitioner's claims very succinctly," it nonetheless decided to "fully and finally address the merits of Petitioner's claims."   (*Id.* at 18.)

"legal arguments by a practiced attorney." (ECF No. 45 at 5.)   As a result, he claims that Hoosier prevented this Court from reviewing "many claims" by procedural default.  (*Id.*)

Petitioner's attempt to thread the needle of the narrow exception annunciated in *Martinez* is meritless and, at best, misleading.  (*See supra*, n.6.)   Despite his attempt to paint a picture depicting otherwise, Petitioner received a full and fair adjudication of his claims pursuant to *Losh*, on his second state habeas petition.  (*See generally* ECF No 24–23.)   In fact, the very existence of the second state hearing is because of his claim of ineffective assistance of habeas counsel, which further could *not* have been raised at his first proceeding, and therefore could *not* have been barred by *res judicata*, or in his own words, the "*Losh* cop-out."   Moreover, and fully within the Circuit Court's discretion, the Circuit Court opted to not hold an additional evidentiary hearing because it was "intimately familiar with Petitioner's criminal proceeding and underlying habeas proceeding," and that the petition, underlying records in the original habeas, and the records in the underlying criminal matter provided a "more than sufficient" basis for the Circuit Court to fully and fairly adjudicate Petitioner's claims.  (ECF No. 24–23 at 14, n. 17, and 20.)   Simply, Petitioner's objection is without merit.   Rather than "procedurally defaulting," Petitioner's claim of ineffective assistance of habeas counsel was fully and fairly adjudicated on the merits, and pursuant to 28 U.S.C. § 2254, Petitioner is not entitled to claim such grounds for relief in this Court.

For the foregoing reasons, Petitioner's objection is **OVERRULED** as to Claims 10 and 11.

### IV.   CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, (ECF Nos. 45 and 46); **ADOPTS** the PF&R, (ECF No. 40); **GRANTS** Respondent's Motion for Summary

Judgment, (ECF No. 25); and **DENIES** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as Amended, (ECF Nos. 2, 20).   The Clerk of Court is further **ORDERED** to remove this action from the Court's active docket.

      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Pursuant to Rule 11(a), Petitioner may not appeal the District Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

      **IT IS SO ORDERED.**

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      August 4, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE